<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

IRVIN BAUTISTA SANCHEZ,

    *Petitioner*,

    v.

PAMELA BONDI, *et al.*,

    *Respondents*.

Civil Action No. 26-01700

**ORDER**

March 3, 2026

**SEMPER**, District Judge.

    **THIS MATTER** comes before the court on the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") of Irvin Bautista Sanchez ("Petitioner"), challenging the legality of his detention.  (ECF No. 1.)  On February 24, 2026, the Court entered a Text Order directing Respondents to SHOW CAUSE, no later than March 2, 2026, why the Petition for Writ of Habeas Corpus should not be granted.  (ECF No. 3.)  That deadline has expired. Respondents have filed no answer, no opposition, and no request for additional time.

    A writ of habeas corpus does not issue by default.  However, where the Government has been ordered to justify a person's detention and fails to respond, the Court must determine the legality of custody on the unrebutted record before it.  *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (recognizing that habeas corpus must be adjudicated on the merits and that procedural defaults cannot shield unlawful detention).  The burden rests with the Government to establish statutory and constitutional authority for continued detention.  Here, it has not done so.

The Petition (ECF No. 1) alleges that Petitioner is a Mexican national who has resided in the United States since childhood in or about 2002, is a Deferred Action for Childhood Arrivals ("DACA") recipient with lawful employment authorization, is married to a U.S. citizen, and is the father of a U.S. citizen child with a severe medical condition.[1]  (ECF No. 1 ¶¶ 4–7.)  He has no criminal convictions.  (*Id.* ¶ 14.)  On February 5, 2026, after appearing for a scheduled criminal court hearing—at which he had been released on non-monetary conditions and with which he had fully complied—he was arrested by ICE officers inside the courthouse without being presented with a warrant.[2]  (*Id.* ¶¶ 8–11, 78.)  Petitioner has no history of arrests before or after this incident.  (*Id.* ¶ 14.)  The Petition alleges that ICE conducted no individualized custody determination, no evaluation of flight risk or dangerousness, and provided no notice or opportunity to be heard.  (*Id.* ¶¶ 15–17, 80–81.)

Critically, the record contains no indication that Petitioner was apprehended at or near a port of entry, or that he was treated as an arriving alien subject to mandatory detention under 8 U.S.C. § 1225(b).  To the contrary, the unrebutted allegations establish that he is a long-term resident arrested in the interior of the United States following a court appearance.  (ECF No. 1 ¶¶ 4–5, 10, 78.)  Absent contrary evidence, such circumstances place his custody, if authorized at all, under 8 U.S.C. § 1226(a), which governs the arrest and detention of noncitizens pending removal proceedings within the interior.  *See Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL

---

[1] Petitioner is father to a ten-year-old U.S. citizen child who suffers from Hemophilia, a serious blood-clotting disorder which requires ongoing medical care.  (ECF No. 1 ¶ 6.)

[2]  In November 2025, Petitioner was arrested following a domestic dispute with his wife.  He was released on non-monetary conditions and has since appeared for two subsequent hearings in the underlying criminal matter.  (*Id.* ¶ 8.)  The criminal charges underlying Petitioner's arrest were subsequently withdrawn. (*Id.* ¶ 12.)

2753496 (D.N.J. Sept. 26, 2025) (interpreting § 1225(b)(2)); *see also Rivas Rodriguez v. Rokosky*, No. 25-17419 (CPO), 2025 WL 3485628 (D.N.J. Dec. 3, 2025) (interpreting § 1225(b)(1)).

Detention under § 1226(a) is discretionary and contemplates an individualized custody determination. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018) (distinguishing § 1225(b) mandatory detention from § 1226(a) discretionary detention); *see also Borbot v. Warden Hudson County Correctional Facility*, 904 F.3d 227, 275–77 (3d Cir. 2018) (holding that § 1226(a) detention must comport with due process). The Petition alleges that, pursuant to recent administrative precedent, Petitioner has been categorically denied access to a bond hearing. (ECF No. 1 ¶¶ 82–84.) If Petitioner is detained under § 1226(a), the complete absence of any individualized custody determination would be inconsistent with the statutory framework and constitutionally infirm. *See Borbot* at 275–77.

Conversely, Respondents have not argued—because they have not responded—that Petitioner falls within § 1225(b)'s mandatory detention provisions, nor have they offered any factual predicate to support such a classification. On this unrebutted record, the Court cannot presume the applicability of mandatory detention, particularly where Petitioner has lived in the United States for more than two decades and was arrested in the interior.

In short, whether analyzed under § 1226(a)'s discretionary scheme or measured against the requirements of due process, Respondents have failed to carry their burden to demonstrate lawful authority for Petitioner's continued detention. Having been ordered to show cause (ECF No. 3), and having failed to do so, Respondents have not justified custody under any statutory provision.

Accordingly, it is hereby **ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **IMMEDIATELY RELEASE** Petitioner, Irvin Bautista Sanchez, from immigration custody under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that absent material change in circumstances, Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner pursuant to 8 U.S.C. § 1225, which this Court finds inapplicable to him; and it is further

**ORDERED** that to the extent that Respondents later detain Petitioner this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this matter, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the parties electronically; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

**SO ORDERED.**

*/s/ Jamel K. Semper*
**Hon. Jamel K. Semper**
**United States District Judge**

4